THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MYRON M. SPARBER, Defendant.

Supreme Court, Special Term, New York County, July 10, 1962.

*Maurice Edelbaum* for defendant. *Frank S. Hogan, District Attorney,* for plaintiff.

OWEN McGIVERN, J. In this application for a certificate of reasonable doubt, it appears that the defendant, an attorney, was indicted on 16 counts, among them being charges of larceny, perjury, subordination of perjury and conspiracy to induce witnesses to testify falsely before the Coordinating Committee on Discipline of the Bar Associations of the Counties of Bronx and New York. All charges arose from a current investigation of activities of members of the Bar in respect of negligence cases. (See Special Rules of App. Div., First Dept., Regulating Conduct of Attorneys, rules 5, 12.)

After 51 days of trial, the case at bar was placed in the hands of the jury on March 29, 1962, and the jury, with respite only on the intervening Sunday, brought in a verdict at 6:15 P.M. on

April 3, 1962. At that time the jury reported failure to agree on 13 counts, guilt on 2 counts, and acquittal on one. The defendant is appealing from the convictions upon a number of grounds, the most noteworthy being: the authority of the Coordinating Committee to require the administration of an oath to the witnesses before it; the denial by the trial court of counsel's request for a reading to the jury of the provisions of section 429 of the Code of Criminal Procedure so that they might be aware that they could report a deadlock at that time, which was after several days of deliberation; the receipt in evidence of a Miniphone recording of a conversation between two of the People's witnesses, made outside the presence of the defendant.

The People present argument in opposition to all the points raised and particularly stress that the Appellate Division has broad power to adopt rules regulating the professional conduct of attorneys. This is of course true, and if there was a doubt, the decision in *Gair* v. *Peck* (6 N Y 2d 97, cert. denied 361 U. S. 374) resolved it. (See, also, *Matter of Cohen,* 9 A D 2d 436, affd. 7 N Y 2d 488, affd. *sub nom. Cohen* v. *Hurley,* 366 U. S. 117.) However, it is urged that only the Legislature can authorize the compulsory testimony of a witness, and a judicial test is requested as to rule 5 (or 12) when its practical workings are not conducted under direct judicial supervision. It is submitted that there is no express statutory or constitutional authority for provision by a general court rule for compulsory testimony under oath. If the petitioner's point is well taken, then it could be his constitutional prerogatives have been abridged. In any event he has raised an arguable issue worthy of review.

Furthermore, in view of the fact that a man's career is at stake, after an unusually long trial and after prolonged deliberation by a jury, it is better that the other points raised also be passed upon by an appellate tribunal. The motion is granted.